UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                                    :
JOSEPH A. ANTKOWIAK, on behalf of   :   CIVIL ACTION
himself and all others similarly situated,   :   NO. 2010-cv-3331 (LFS)
                                                    :
Plaintiffs,                                      :
                                                    :
    vs.                                            :   ELECTRONICALLY FILED
                                                    :
TAXMASTERS,                                :
TAXMASTERS, INC.                          :
TMIRS ENTERPRISES, LTD.,             :
TMGP SERVICES, LLC,                     :
TMGP SERVICES, LLC D/B/A             :
TAXMASTERS,                                :
PATRICK R. COX and                       :
JEFFREY AARON STEINBERG,         :
                                                    :
            Defendants.                       :
_____:

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
<u>MOTION FOR STAY PENDING APPEAL</u>**

Defendants TaxMasters, TaxMasters Inc., TMIRS Enterprises, Ltd. ("TMIRS"), TMGP Services, LLC, TMGP Services, LLC d/b/a TaxMasters, Patrick R. Cox, and Jeffrey Aaron Steinberg (collectively "Defendants"), by and through their undersigned counsel, respectfully submit this Memorandum of Law in Support of their Motion For Stay Pending Appeal.

**INTRODUCTION**

Defendants respectfully move for an order staying all proceedings in this Court pending completion of their appeal of the Court's March 17, 2011 Opinion and Order (the "March 17 Order") [Dkt. Nos. 39 and 40], denying Defendants' Motion To Compel Arbitration (the "Motion to Compel Arbitration"). Defendants' appeal of the March 17 Order denying Defendants' Motion to Compel Arbitration *automatically divests* this Court of jurisdiction over

this case during the pendency of the appeal, thereby warranting the imposition of the requested stay.

## PROCEDURAL BACKGROUND

On August 27, 2010, Defendants filed the Motion to Compel Arbitration based on a signed Engagement Agreement between Plaintiff and Defendant TMIRS. On March 17, 2011, following briefing and oral argument, this Court denied the Motion to Compel Arbitration. The Court determined that the arbitration provision at issue was procedurally and substantively unconscionable under Pennsylvania law.

Contemporaneous with the submission of the instant motion, Defendants filed a Notice of Appeal regarding the denial of its Motion to Compel Arbitration pursuant to 9 U.S.C. §16(a).[1]

## ARGUMENT

The denial of a motion to compel arbitration is immediately appealable under Section 16(a) of the Federal Arbitration Act (the "FAA"). 9 U.S.C. §16(a)(1); *Parilla v. IAP Worldwide Servs. VI, Inc.*, 368 F.3d 269, 274 (3d Cir. 2004). "[T]he availability of interlocutory review under Section 16 of the FAA of decisions favoring litigation avoids the possibility that a litigant seeking to invoke his arbitration rights will have to endure a full trial on the underlying controversy before he can receive a definitive ruling on whether he was legally obligated to participate in such a trial in the first instance." *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 214 (3d Cir. 2007).

The Third Circuit has determined that the filing of an appeal pursuant to Section 16(a) of the FAA ***automatically divests*** the trial court of jurisdiction to proceed until such time as the appeal is fully litigated, or determined to be frivolous or forfeited. *Ehleiter*, 482 F.3d at 214, n.6; *see also Virgin Islands Water & Power Auth v. Gen. Elec. Int'l, Inc.*, 2009 U.S. Dist. LEXIS

---

[1] A copy of the Defendants' Notice of Appeal is attached as Exhibit "A".

69511 (D.V.I. Aug. 3 2009). The Third Circuit's view is consistent with holdings of the majority of courts that have addressed this issue -- including the Tenth, Eleventh, Seventh, and Fourth Circuits -- and determined that the filing of a Section 16(a) appeal is an act of jurisdictional significance, which automatically deprives the trial court from adjudicating the case until the complete resolution of the appeal. *See McCauley v. Halliburton Energy Servs., Inc*. 413 F.3d 1158, 1162-63 (10th Cir. 2005); *Blino v. Greentree Servicing, LLC*, 366 F.3d 1249, 1253 (11th Cir. 2004); *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 505 (7th Cir. 1997); *Levin v. Alms & Assoc.*, 2011 U.S. App. LEXIS 2494, at *10 (4th Cir. Feb. 10, 2011).[2]

Here, Defendants filed a timely Notice of Appeal pursuant to Section 16 of the FAA. Defendants' appeal -- seeking review of this Court's decision that the arbitration provision was unconscionable -- is neither frivolous, nor has it been forfeited.[3] Consequently, in accordance with the majority view adopted by the Third Circuit, all proceedings related to the above-captioned case should be stayed pending the completion of the Defendants' appeal.

---

[2] In *Ehleiter*, the Third Circuit recognized a circuit split regarding this issue and expressly agreed with the majority position of "automatic divestiture", rejecting the minority view articulated by the Second and Ninth Circuits that the imposition of a stay pending an appeal under §16 of the FAA was discretionary. 482 F.3d at 214, n.6.

[3] An appeal is only deemed frivolous when, applying an objective standard, it is deemed wholly without merit. *Fishkin v. Susquehanna Partners*, *G.P.*, 340 Fed Appx. 110, 120 (3d Cir. 2009). "The test is whether, following a thorough analysis of the record and careful research of the law, a reasonable attorney would conclude that the appeal is frivolous." *Id.* Courts exercise caution when classifying appeals as frivolous, so that novel theories will not be chilled and litigants advancing any claim or defense which has colorable support under existing or reasonable extensions will not be deterred. *Id.* Applying an objective standard, it is a "narrow category" of appeals which can be classified as frivolous. *Fishkin*, 340 Fed. Appx. at 120.

## CONCLUSION

For the foregoing reasons, the instant motion should be granted and this proceeding should be stayed pending the completion of the Defendants' appeal of the March 17 Opinion and Order, pursuant to Section 16 of the Federal Arbitration Act.

Dated:  April 4, 2011         /s/  James T. Smith
                                         JAMES T. SMITH
                                         EVAN H. LECHTMAN
                                         JEFFREY N. ROSENTHAL
                                         **BLANK ROME LLP**
                                         One Logan Square
                                         Philadelphia, PA 19103
                                         215-569-5643
                                         *Attorneys for Defendants*