IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH A. ANTKOWIAK, on behalf of himself and all others similarly situated, Plaintiffs | : : : : | Civil Case |
| v. | : : | |
| TAXMASTERS, et al. Defendants | : : | No. 10-3331 |

ORDER

AND NOW, this 18th day of May, 2011, upon consideration of defendants' motion for reconsideration of the Court's March 17, 2011 order (Doc. # 41), and all responses and replies thereto, it is hereby ORDERED that the motion is DENIED.[1]

BY THE COURT:

/s/ LAWRENCE F. STENGEL
LAWRENCE F. STENGEL, J.

---

[1] A motion for reconsideration's purpose "is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985)). "[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. Defendants argue the motion for reconsideration should be granted to correct a clear error of law or prevent manifest injustice.

The complaint sufficiently alleges the debt was in default. TMIRS assigned its assets to TaxMasters on April 9, 2009. Although TaxMasters did not attempt to collect the debt until 2010, the only payment that had been made was the original payment, which Mr. Antkowiak made in December 2008 or January 2009, and the entire loan was due by April 14, 2009.

TaxMasters also argues it did not acquire the loan solely to collect the debt because it stepped into the shoes of TMIRS. See Brown v. Morris, 243 Fed. Appx. 31, 34 (5th Cir. 2007) (defendant not a debt collector where it acquired the loan through merger with the previous mortgage company); Padgett v. Onewest Bank, FSB, 2010 U.S. Dist. LEXIS 38293, at *46-47 (N.D. W. Va. filed Apr. 19, 2010 ) (finding defendant not a debt collector where it received all deposits from the previous loan holder, "without regard to whether a debt was in default"). The TaxMasters corporate structure is confusing, especially considering TaxMasters argued it was not liable under TILA because TMIRS, not TaxMasters, was the original creditor. At this stage, it would be premature do make a finding that TaxMasters did not acquire the debt to collect it.

Moreover, even if it did not acquire the debt solely to collect it, the complaint still would be sufficient to support a finding that TaxMasters is a debt collector because it used a name "other than [its] own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6). The letter uses both TMIRS and TaxMasters and attempts to collect the debt on behalf of both TMIRS and TaxMasters. The original agreement was with TMIRS, but the letterhead of the letter sent to collect the debt is from TaxMasters. The letter references both TMIRS and TaxMasters, and TaxMasters emphasized that TMIRS was the sole signatory on the loan. The wording of the letter indicates Mr. Steinberg "was asked" to collect the debt.